774 F.2d 1161
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marion Crawford, Plaintiff-Appellant,
v.
County of Wayne, Wayne County General Hospital, County of
Wayne Civil Service Commission, Leonard Forster,
Eleanor Hinton, E.J. Conklin, Mary Etta
Kreklau, jointly and
severally,
Defendants-
Appellees.
 No. 84-1043
 United States Court of Appeals, Sixth Circuit.
 9/24/85
 
 E.D.Mich.
 AFFIRMED
 On Appeal from the United States District Court for the Eastern District of Michigan
 Before: KENNEDY and KRUPANKSY, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Marion J. Crawford, appeals from a judgment for defendants in an employment discrimination action brought under 42 U.S.C. Sec. 1981 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e-2000e-17. Appellant, a black female, brought this action against Wayne County, Wayne County General Hospital, and several administrative and supervisory personnel alleging racial discrimination. Appellant contends that appellees demoted her from her position as a medical records transcriptionist because of her race. Appellees contend that appellant was demoted for unsatisfactory job performance. The Sec. 1981 action was submitted to a jury which found for appellees. The District Judge also found for appellees on the Title VII claim.
 
 
 2
 Wayne County first employed appellant in June 1968 as a stenographer. She eventually obtained the status of phonotypist I. In early 1974, appellant took the Civil Service Commission competitive exam for medical transcriptionists. Appellant passed both the written and performance parts of the exam and her scores earned her ninth place on the county's eligibility list. By the fall of 1977, appellant was first on the eligiblity list. When several positions for medical records transcriptionists in the Medical Records Department of Wayne County General Hospital in Eloise, Michigan opened up, appellant applied for the positions. Appellant received the promotion and was transferred to the records department on a six-month probationary period effective October 24, 1977. After four months, appellant received a probationary evaluation report which indicated unsatisfactory performance. Her supervisor evaluated job performance on the basis of a weekly averaging of the line count of work transcribed. On April 10, 1978, appellant was demoted back to the status of phonotypist I.
 
 
 3
 Appellant raises three issues on appeal: (1) Whether the District Court's finding that appellees did not discriminate against appellant was clearly erroneous; (2) Whether appellant established a 42 U.S.C. Sec. 1981 violation; and (3) Whether the District Court abused its discretion by excessively participating in the trial and showing partiality to appellees.
 
 I.
 
 4
 Appellant contends the finding that appellees did not discriminate against her is clearly erroneous. Fed. R. Civ. P. 52(a) sets forth the appropriate standard governing appellate review of a district court's findings of fact by providing in pertinent part: 'Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.' In United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948), the Supreme Court stated that: 'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.' As recently as Anderson v. City of Bessemer City, 105 S. Ct. 1504, 1511 (1985), the Supreme Court wrote, 'This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently.' The Court later stated: 'Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.' Id. at 1512.
 
 
 5
 The District Court found that appellees demoted appellant because she did not achieve the line count required by her supervisor and that appellant did not show that it was more likely than not that her job performance was satisfactory. Thus, appellees articulated a legitimate non-discriminatory reason for the demotion. After reviewing the record, we conclude that the District Court's findings are not clearly erroneous.
 
 II.
 
 6
 Appellant next argues that she established a 42 U.S.C. Sec. 1981 violation. In reviewing jury verdicts in civil cases to determine whether sufficient evidence supports the judgment, this Court follows the traditional rule which views the evidence in the light most favorable to the prevailing party. Calhoun v. Baylor, 646 F.2d 1158, 1160 (6th Cir. 1981). Viewed under this standard of review, the evidence supports the jury verdict on the 42 U.S.C. Sec. 1981 count.
 
 III.
 
 7
 Appellant contends that the District Court's extensive participation in the trial precluded an impartial verdict. Under Fed. R. Evid. 614(b), the court may interrogate witnesses. We have reviewed the record in the case and find no error in the manner in which the District Court conducted the trial. This Court need only observe that the District Court did not blatantly intrude in the trial of the case or cause a fundamental miscarriage of justice. See Mitchell v. M. D. Anderson Hospital, 679 F.2d 88, 91-92 (5th Cir. 1982).
 
 
 8
 Accordingly, the judgment of the District Court is affirmed.